FORM 26. Docketing Statement                                      Form 26 (p. 1)
                                                                     July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 26-2012

**Short Case Caption:** Contour IP Holding LLC v. GoPro, Inc.

**Filing Party/Entity:** Contour IP Holding LLC

**Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| Northern District of California | 3:17-cv-04738-WHO | Patent Infringement |

Relief sought on appeal: ☐ None/Not Applicable

See attached sheet listing relief sought.

Relief awarded below (if damages, specify): ☐ None/Not Applicable

See attached sheet listing relief awarded below (if damages, specify).

Briefly describe the judgment/order appealed from:

See attached sheet describing the judgement / order appealed from.

Nature of judgment (select one):          Date of judgment: 6/1/26

☑ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain) _____

FORM 26. Docketing Statement                                          Form 26 (p. 2)
                                                                        July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued.  ☑ None/Not Applicable

Issues to be raised on appeal:  ☐ None/Not Applicable

Non-infringement, invalidity, and damages.

Have there been discussions with other parties relating to settlement of this case?

☑     Yes     ☐     No

If "yes," when were the last such discussions?

☐  Before the case was filed below
☐  During the pendency of the case below
☑  Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?          ☐ Yes     ☑ No

If they were mediated, by whom?

Do you believe that this case may be amenable to mediation? ☐ Yes     ☑ No

Explain.

The parties have had initial settlement discussions following entry of final judgment. Based on these early talks, the parties would be best suited to working on settlement themselves without mediation.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

None

Date:  7/22/26                    Signature:  /s/ Gary R. Sorden

                                  Name:      Gary R. Sorden

Save for Filing

**Relief sought on appeal:**

1. Judgment on infringement (Dkt. 915);

2. Judgment on no invalidity (Dkt. 915);

3. Overturn district court's order excluding opinions of Dr. Ugone on damages (Dkt. 445);

4. Overturn district court's order denying motion to strike Dr. Almeroth's supplemental report on non-infringement (Dkt. 831);

5. Overturn district court's order precluding Contour from arguing that GoPro's accused products were already determined to infringe (Dkt. 831);

6. Overturn the district court's decision to exclude the finding that GoPro's accused products infringe claim 11 of the 8,890,954 ("the '954 Patent") patent from the verdict form (Dkt. 860);

7. Overturn the district court's decisions on the jury instructions related to invalidity (Dkt. 851; Dkt. 859);

8. Overturn the district court's decisions precluding Contour from arguing that GoPro's prior art was considered by the Patent Office during prosecution and

1

during the inter partes review proceedings, including in response to a juror note (Dkt. 850; Dkt. 862; 10/8/2025 Tr. at 1395–1396);

9. Overturn the district court's denial of Contour's motions for judgment as a matter of law on infringement and on invalidity (10/7/2025 Tr. at 1381–1385; Dkt. 912); and

10. Overturn the district court's denial of Contour's motion for a new trial (Dkt. 912).

**Relief Awarded Below (if damages, specify):**

Judgment of no infringement of the Live Preview Group 2 Products and Live Streaming Products, and holding Claim 12 of U.S. Patent No. 8,890,954 ("the '954 Patent") and Claim 6 of U.S. Patent No. 8,896,694 ("the '694 Patent") invalid as anticipated and obvious. Additionally, judgment as a matter of law that Claim 11 of the '954 Patent is invalid as obvious.

**Briefly describe the judgment/order appealed from:**

Final judgment after trial finding no infringement of the Live Preview Group 2 Products and Live Streaming Products, and holding Claim 12 of the '954 Patent and Claim 6 of the '694 Patent invalid as anticipated and obvious. And a finding of judgment as a matter of law that Claim 11 of the '954 Patent is invalid as obvious. Additionally, as laid out above, Contour appeals a number of district court opinions and orders related to infringement, invalidity, and damages.